IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

JEROME WISE,                          )
                                      )
                 Plaintiff,           )          8:04CV528
                                      )
            v.                        )
                                      )
LEONARD W. SHEFREN and                )          MEMORANDUM AND ORDER
SHEFREN LAW OFFICES,                  )
                                      )
                 Defendants.          )
_____ )

        Plaintiff has moved to compel the production of documents
requested in January, 2005.  Defendants have opposed the motion,
arguing that the objections interposed are meritorious and
additionally that defendants are not in possession of some
documents, and others are privileged.  Plaintiff counters that
defendants have waived any objections to producing the documents
by failing to timely assert them within thirty days of the
serving of the requests for production.

        In this case the requests were served on or about January
27, 2005.  Thirty days later was March 1, 2005.  That date came
and went without any response from the defendants.  Two weeks
later plaintiff's counsel began a series of communications with
defendants' counsel to get responses.  "A few days after" March
14, 2005 the lawyers discussed the matter and struck an agreement
that the defendants' "responses" would be provided within a few
weeks of the then scheduled deposition of defendant Shefren,
April 26, 2005.  Counsel for plaintiff interpreted "responses" to
mean the requested documents, but the "responses" received on
April 20, 2005 objected to all four requests, and, although one
of the grounds for objection was attorney-client privilege, did
not include a "privilege log" as required both by Fed. R. Civ. P.
26(b)(5) and by the progression order entered in this case.

Filing 13, Paragraph 3.  After the filing of the motion to compel the defendants did correspond with plaintiff's counsel and apparently some documents were produced by the parties' mutual accountant at his deposition, but defendants continue to assert their objections and plaintiff continues to assert his need for all the requested documents.

     Plaintiff has the better arguments in this matter.  <u>Fed. R. Civ. P.</u> 34 (b) states,

> The party upon whom the request is served shall serve a written response within 30 days after the service of the request.  A shorter or longer time may be directed by the court, or, in the absence of such an order, agreed to in writing by the parties, subject to Rule 29.

Although defendants attempt to argue that their lawyers' conversations with plaintiff's counsel amounted to an agreement to extend the time within which they could object to the requests to produce, the argument is unavailing.  First, the rule clearly requires a response and objections within 30 days of service of the request; here there was none.  It has long been established that failure to timely object to requests to produce documents waives the objections.  <u>See</u>, e.g., <u>Perry v. Golub</u>, 74 F.R.D. 360, 363 (N.D. Ala. 1976); <u>See also</u>, <u>Kansas Nebraska Natural Gas Co. v. Marathon Oil Company</u>, 109 F.R.D. 12, 24 (D. Neb. 1984); <u>Fed. R. Civ. P.</u> 34 Advisory Committee Note (Procedures under Rule 33 which state that failure to comply with time limits constitutes waiver apply with equal force to Rule 34);  Wright Miller & Marcus, <u>Federal Practice and Procedure:</u> Civil 2d § 2213 (1994); <u>Jones v. Ada S. McKinley Community Services</u>, 1989 WL 152352, (N.D. Ill., 1989).  <u>Cf</u>. <u>Chapman & Cole v. Itel</u>, 865 F.2d 676, 686

(5th Cir. 1989) (Waiver where objections to interrogatories not made within 30 days).

Second, once the time lapsed there was no exhuming the response period in the absence of an explicit, written agreement doing so.  There was no such written agreement between counsel as required by language of Rule 34, and no explicit agreement at all.

Third, no privilege log was prepared and served upon plaintiff's counsel, in violation of the provisions of Rule 26(b)(5) and the court's progression order.

Finally, the objections are not shown to have any merit in any event.  They are but flimsy *post hoc* rationalizations.  I conclude that even if the objections had been timely asserted, they are not shown to protect the documents requested.  Clearly, the defendants have "possession, custody, or control" of the requested documents, with the possible exception of those requested by request number 3; if in fact no such documents exist that are responsive to that request, I shall require defendants to provide plaintiff with a sworn statement to that effect.  The claim of attorney-client protection for the documents named in request number 2 is without any basis in the evidence before the court.  There is nothing before me which would even establish the documents as "confidential communications" between attorney and any client.

For the above reasons

IT THEREFORE HEREBY IS ORDERED,

1.  The motion to compel, filing 27, is granted, and the defendants shall provide all responsive documents to plaintiff

within ten days.  In the event that defendants claim some
documents are not in existence, defendants shall provide
plaintiff a signed and sworn statement that after conducting a
full and diligent search, such is in fact the case.

2.  Plaintiff is granted his expenses, including reasonable
attorney's fees in bringing this discovery matter to the court.
Counsel shall confer and in the event they are unable to agree on
the amount to be awarded or upon who should bear that expense as
between defendants and their counsel, plaintiff's application for
fees and expenses shall be filed, supported by appropriate
affidavits on those questions, and further supported by brief,
within fifteen days of this order.  Defendants shall have ten
days thereafter to submit their response and file appropriate
affidavits in opposition.  In the event either side desires a
hearing on this question, request therefor shall be made in the
application or response, as applicable.  In the absence of any
response to this order by either plaintiff or defendants
regarding the matter of fees and expenses, the sum of $400.00
will be awarded.

3.  The clerk shall make any award of attorneys fees and
expenses herein a part of any judgment eventually entered in this
case unless the parties file a statement with the clerk advising
that the award of fees and expenses was paid prior to judgment.

DATED this 26th day of May, 2005.

BY THE COURT:

s/ *David L. Piester*

David L. Piester
United States Magistrate Judge

4